JOHNSON & PHAM, LLP
Christopher D. Johnson, SBN: 222698
    E-mail: cjohnson@johnsonpham.com
Christopher Q. Pham, SBN: 206697
    E-mail: cpham@johnsonpham.com
Marcus F. Chaney, SBN: 245227
    E-mail: mchaney@johnsonpham.com
Ani S. Garibyan, SBN: 274846
    E-mail: agaribyan@johnsonpham.com
Brett P. Ralston, SBN: 287342
    E-mail: bralston@johnsonpham.com
6355 Topanga Canyon Boulevard, Suite 326
Woodland Hills, California 91367
Telephone: (818) 888-7540
Facsimile: (818) 888-7544

Attorneys for Plaintiff
OTTER PRODUCTS, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OTTER PRODUCTS, LLC, a Colorado Limited Liability Company,<br><br>    Plaintiff,<br><br>    v.<br><br>MARISSA LESPERANCE, an Individual; and DOES 1-10, Inclusive,<br><br>    Defendants. | Case No.: CV13-01497 CBM (MRWx)<br><br>**JUDGMENT [JS-6]** |

    IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

/ / /

1    Plaintiff, OTTER PRODUCTS, LLC ("Plaintiff"), is hereby awarded final judgment on its claims for relief against Defendant MARISSA LESPERANCE ("Defendant"), in the sum of $1,200,000.00 (15 *U.S.C.* §1117 (c)(2)), as the prevailing party in this action, pursuant to Rule 55(b) of the *Federal Rules of Civil Procedure* and under Local Rule 55-1. Under Local Rule 55-3, Plaintiff is awarded attorneys' fees of $5,600.00. Pursuant to 15 *U.S.C.* §1117(a), Plaintiff is entitled to judgment against said Defendant for recovery of total costs Plaintiff has incurred in this action due to Defendant's violation of 15 *U.S.C.* §1125(a), and willful violation of 15 *U.S.C.* §1125(c) in the amount of $524.00.

Furthermore, IT IS HEREBY ORDERED that Defendant and her agents, employees, officers, directors, owners, attorneys, representatives, successor companies, related companies, and all persons acting in concert or participation with her, and each of them, shall be permanently restrained from:

a.    The import, export, making, manufacture, reproduction, assembly, use, acquisition, purchase, offer, sale, transfer, brokerage, consignment, distribution, shipment, licensing, development, display, delivery, marketing, advertising or promotion of the counterfeit OTTERBOX® product identified in the Complaint and any other unauthorized OTTERBOX® product, or products bearing Plaintiff's Trademarks (including any non-genuine reproduction, counterfeit, copy or colorable imitation thereof).

b.    The import, export, making, manufacture, reproduction, assembly, use, acquisition, purchase, offer, sale, transfer, brokerage, consignment, distribution, shipment, licensing, development, display, delivery, marketing, advertising or promotion of the infringing and diluting product identified in the Complaint and any other product which infringes or dilutes any Plaintiff's Trademark, trade name and/or trade dress including, but not limited to, any of Plaintiff's Trademarks at issue in this action.

c.    The unauthorized use, in any manner whatsoever, of any Plaintiff's

**[PROPOSED] JUDGMENT**

trademark, trade name and/or trade dress including, but not limited to, the Plaintiff's Trademarks at issue in this action, any variants, colorable imitations, translations and/or simulations thereof and/or any items that are confusingly similar thereto, including specifically:

      i.      on or in conjunction with any product or service; and

      ii.     on or in conjunction with any advertising, promotional materials, labels, hangtags, packaging, or containers.

    d.    The use of any trademark, trade name, or trade dress that falsely represents, or is likely to confuse, mislead or deceive purchasers, customers, or members of the public to believe that unauthorized product imported, exported, manufactured, reproduced, distributed, assembled, acquired, purchased, offered, sold, transferred, brokered, consigned, distributed, stored, shipped, marketed, advertised and/or promoted by Defendant originates from Plaintiff, or that said merchandise has been sponsored, approved, licensed by, or associated with Plaintiff or is, in some way, connected or affiliated with Plaintiff.

    e.    Engaging in any conduct that falsely represents that, or is likely to confuse, mislead, or deceive purchasers, customers, or members of the public to believe that Defendant herself is connected with, or is in some way sponsored by or affiliated with Plaintiff, purchases product from or otherwise has a business relationship with Plaintiff.

    f.    Affixing, applying, annexing, or using in connection with the manufacture, distribution, advertising, sale, and/or offering for sale or other use of any goods, a false description or representation, including words or symbols, tending to falsely describe or represent such goods as being those of Plaintiff.

    g.    Hiding, disposing of, destroying, moving, relocating or transferring any and all products, advertising, promotional materials, labels, hangtags, packaging or containers bearing any of Plaintiff's Trademarks; and/or

    h.    Disposing of, destroying, moving, relocating or transferring any

documents or things, including electronic records, pertaining to the purchase, procurement, development, making, manufacture, use, display, advertisement, marketing, licensing, sale, offer for sale, distribution, shipping, or delivery of any products or services bearing any Plaintiff's Trademarks or which otherwise refer or relate to Plaintiff or any of Plaintiff's Trademarks.

IT IS SO ORDERED.

DATED: July 18, 2013   By: _____
Hon. Consuelo B. Marshall
United States District Court Judge for
the Central District of California